OPINION OF THE COURT
Gerard E. Delaney, J.
This is a motion by plaintiff, Eugene F. Frink, to vacate a certain judgment entered against him on or about June 11, 1984. As part of a previous decision of this court dated May 2, 1984, plaintiff was directed to pay to the law firm of Gellert and Cutler, P. C., attorneys’ fees of $1,500. Apparently, when such fees were not paid, Gellert and Cutler, P. C., had the Dutchess County Clerk enter a judgment against plaintiff and thereafter served a restraining notice on plaintiff’s bank.
It is plaintiff’s position that section 244 of the Domestic Relations Law required notice to a party in default. This court agrees. Section 244 of the Domestic Relations Law states “the application for such order shall be upon such notice to the spouse or other person as the court may direct.” However, section 237 of the Domestic Relations Law was amended September 1, 1983, by deleting old subdivision (a) of section 237, which had given the courts discretion “in or before final judgment [to] annul or modify any such direction” to pay counsel fees. It is thus, defendant’s position that such counsel fees as awarded are vested and nonmodifiable and, therefore, were entitled to be docketed as money judgments pursuant to CPLR 2222 without the need for the Domestic Relations Law notice under section 244.
In the Governor’s message approving the change to section 237 of the Domestic Relations Law (dated June 13, 1983) he *61 stated “[c]curt-ordered pre-trial counsel fees and expenses are essentially] to enable financially dependent spouses, primarily women, to be represented by counsel in matrimonial proceedings and to establish the extent and value of marital property * * * Once pre-trial fees and expenses are awarded, counsel, expert witnesses, and other professionals render services in reliance upon those court-ordered payments. The present statute, however, permits the court to subsequently vacate pre-trial fee awards, including unpaid sums past due. The result can be that counsel and witnesses may be unable to collect fees for work already performed in reliance upon the pre-trial award * * * The bill removes language [under] the Domestic Relations Law which permits a court to subsequently vacate court-ordered awards of pre-trial counsel fees and expenses in matrimonial proceedings.” (NY Legis Ann, 1983, p 129.)
It is apparent from the Governor’s comments that the amendment to section 237 of the Domestic Relations Law was a remedial statute and such are to be liberally construed to carry out the reforms intended and to promote justice. “Such statutes should be * * * construed as to give effect to the intention of the lawmakers, that is, to effect or carry out the reforms intended and to promote justice, particularly where the statutes are designed to correct imperfections in a prior law.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321.) By such enactment, the Legislature specifically had taken out the judgment for counsel fees by implication from those “sums of money” considered in section 244 of the Domestic Relations Law, which has the notice requirements. Whatever is necessarily implied in the statute is as much a part thereof as if written therein. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 364.) The Legislature by enacting an amendment of the statute changing the language thereof is deemed to have intended a material change in the law. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 193, subd a.) Since the amendment to section 237 of the Domestic Relations Law has specifically taken away from the courts the power to modify or amend judgments or awards for counsel fees, that portion of section 244 of the Domestic Relations Law, wherein the defaulting party was allowed to show good cause for failure to make application for relief from such judgment can obviously no longer apply to counsel fee awards.
Accordingly, the court having found that a judgment was properly entered against plaintiff, Eugene F. Frink, pursuant to CPLR 2222 and that notice of such judgment need not have been granted pursuant to section 237 of the Domestic Relations Law, *62 plaintiff’s application for an order vacating the judgment entered against him and staying all enforcement proceedings is accordingly denied.